**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDSEL DEGUZMAN, AKA Edesel Cruz
Deguzman,

                    Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

No.    14-70896

Agency No. A077-975-349

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2016[**]
Pasadena, California

Before:  TROTT, OWENS, and FRIEDLAND, Circuit Judges.

Edsel Deguzman, a native and citizen of the Philippines, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, Silaya v. Mukasey, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Deguzman failed to establish past persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotations and citations omitted). Substantial evidence also supports the agency's determination that Deguzman did not demonstrate a well-founded fear of persecution. See Nagoulko v. INS, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution too "speculative"). Thus, Deguzman's asylum claim fails.

Because Deguzman failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Zehatye v. Gonzales, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Deguzman's CAT claim also fails because he did not establish it is more likely than not that he would be tortured in the Philippines by or with the consent or acquiescence of the government. See Silaya, 524 F.3d at 1073.

2

Petition for Review DENIED.